B. F. WHITE and S. R. BONHAM, plaintiffs in error, vs. JOSEPH J. SELLARS, defendant in error.

[1.] A soldier in the army of the Confederate States, being elected to the office of Constable in the State of Georgia, is not thereby discharged from the army.

*Habeas Corpus.* Decided by Judge RICHARD H. CLARK. At Chambers. February 1865.

The defendant in error, while a member of the 51st Georgia regiment, in the service of the Confederate States, was

·elected to the office of Constable, and he qualified according-ly. He was not, however, discharged from the army. Be-ing wounded, and in the hospital at Albany, he sued out a writ of *habeas corpus*, on the 16th of February 1865, before Judge Clark, against the plaintiffs in error, one of whom was Provost Marshal, and the other Commandant of the Post at Albany. In his petition he alleged that these offi-cers restrained him of his liberty; and they, in their return to the writ, set up that he was a regularly enlisted soldier in the army of the Confederate States, and had never been dis-charged therefrom. At the hearing, Judge Clark held that he was exempt from military service, and rendered a judg-ment discharging him from the custody of the officers; to which judgment the officers excepted.

VASON, DAVIS & Co. and HOBBS, for plaintiffs in error.

STROZIER & SMITH, for defendant.

*By the Court.*—JENKINS, J. delivering the opinion.

The defendant in error rests his case upon the judgment of this Court in the case of *Andrews and Strong.* Strong had been enrolled, appeared at a camp of instruction, and was thereupon detailed to the management of his own planta-tion, until otherwise ordered. After the lapse of several months, he was ordered to report for duty at Atlanta, but having, in the interval, been elected and commissioned as a Justice of the Peace, he exhibited his commission, and claimed exemption. This was denied him, and he sued out a writ of *habeas corpus* to obtain his discharge. The major-ity of this Court thought he was entitled to exemption. From that opinion I dissented, and my views being un-changed, I hold that this defendant in error is not entitled to a discharge from the army by reason of his election to the office of constable. My brother Lyon, still adhering to the opinion that Strong was exempt, distinguishes between

26

the cases, and agrees with me that Sellars is not. The distinction he makes is threefold : 1. Strong, although enrolled, had never been actually mustered into the service, which he regards as necessary to his status in the army. He, therefore, was not in the army when elected to the office of Justice of the Peace. Sellars had not only been mustered in, but had been in actual service, and had never been discharged. 2. The office held by Strong is created by the constitution of Georgia, whilst that of Sellars is the creature of a statute. 3. Another statute empowers Justices of the Peace to appoint constables in lieu of those regularly elected, in the temporary absence of the latter from their districts, which prevents any detriment to the public service.

My impression is, that the obligation of military service attaches upon enrollment ; and that Strong's detail being for no specified time, but at the will of the Government, he could not use this indulgence to invest himself with a civil office, and thus throw off his military obligations. It is conceded that at every moment after his enrollment he was subject to be ordered into camp ; and he was, therefore, at no time exempt.

Though reasoning differently, we arrive at the same conclusion—reversing the judgment of the Court below, and holding the defendant in error subject to the military service of the Confederate States.